IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALONZO JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 5252 |
| v. ) | |
| ) | Magistrate Judge Rowland |
| NANCY A. BERRYHILL,[1] Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Alonzo James' claim for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Before Plaintiff filed his opening brief in the case, Defendant filed the present motion to dismiss the complaint as untimely. For the reasons that follow, Defendant's motion to dismiss (Dkt. No. 15) is denied.

## LEGAL STANDARDS

Under the Social Security Act, a party seeking judicial review of an unfavorable final decision of the Commissioner of Social Security may do so "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

allow." 42 U.S.C. §405(g); *see also* 20 C.F.R. § 416.1481 ("[A claimant] may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action."); 20 C.F.R. § 422.210(c) ("[T]he date of receipt of notice of denial of request for review . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.").

The 60–day filing requirement in 42 U.S.C. § 405(g) is not a jurisdictional limit, but rather a period of limitations which, consistent with congressional purpose, may be equitably tolled. *Bowen v. New York,* 476 U.S. 467, 474 (1986). The *Bowen* court noted that the limitations period created by § 405(g) is part of a statute that is "unusually protective" of claimants, and that Congress has authorized the agency to grant extensions of time for reasons of fairness such as illness, accident, destruction of records, mistake, or a claimant's misunderstanding of the appeals process. *Id.* at 480, n. 12. Further, a court may toll the limitations period in cases where "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.* at 480. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005).

## ANALYSIS

Here, the Appeals Council Notice was dated May 9, 2017. (Dkt. 16 at 36-38). Plaintiff does not dispute that he received the notice within five days of that date. Therefore, applying the agency's five-day rule, he had until July 13, 2017, to file a

2

timely complaint. Plaintiff filed his complaint seeking judicial review of the Commissioner's final decision on July 17, 2017. (Dkt. 1). Defendant argues that Plaintiff's action is time-barred as Plaintiff "provided no good cause explanation for the late filing." (Dkt. 16 at 4).

In his response to the motion to dismiss, Plaintiff's counsel submitted a signed affidavit by Plaintiff. In the affidavit, Plaintiff asserts that he was unsure of the exact filing deadline and contacted Social Security using the number listed on the Appeals Council Notice in June 2017 and was informed that the due date for the appeal was Monday July 17, 2017. (Dkt. 21-1). Relying on that information, he went to file his complaint on July 11, 2017 and was told he needed to return with additional copies of all of the documents. *Id.* He then returned on July 17, 2017 and filed his appeal with the clerk of the court. *Id.* Plaintiff was unrepresented at the time he filed the appeal.

The Court gives Plaintiff some leeway, as he was proceeding *pro se* at the time of filing, and accepts his statements in his sworn affidavit.[2] Courts have found that "fairness dictates that the limitations period be equitably tolled" when a *pro se* claimant "was diligently pursuing his rights, and relied on incorrect information given to him by a court employee." *Purchase v. Colvin*, No. 15-CV-1075-JPG-CJP, 2016 WL 6963301, at *2 (S.D. Ill. Nov. 29, 2016); *see also Bolden v. Chater*, No. 94 C

---

[2] The Court is unconvinced by Defendant's attempt to discredit Plaintiff because he wrote the wrong phone number on his affidavit. In his affidavit, Plaintiff asserted that he called the number on the Appeals Council Notice to inquire about the exact filing deadline. There were 2 numbers listed on the Appeals Council Notice: 1) the Inspector General's Fraud Hotline number; and 2) the number of the local office to call with questions. (*See* Dkt. 16 at 36-38). Plaintiff listed the number of the Inspector General's Fraud Hotline in his affidavit as the number he called. There is no evidence that this was anything but an inadvertent mistake.

3

7675, 1996 WL 374122, at *2 (N.D. Ill. June 28, 1996) (finding that "misleading information given by the Social Security office [to a *pro se* claimant] warrants equitable tolling of the statute of limitations."). Similar to the *pro se* claimants in *Purchase* and *Bolden*, here, Plaintiff attests that he relied upon erroneous information from the clerk of the court and was thus four days late in his filing.

Defendant's citation to social security cases where a *pro se* claimant was denied equitable tolling are inapposite. In *Nielsen* and *Sims*, the claimants gave no reasons for their late filing and were thus denied equitable tolling. *See Nielsen v. Astrue*, 456 Fed. App'x 601 (7th Cir. 2012); *Sims v. Comm'r of Soc. Sec.,* No. 01 C 778, 2002 WL 31883061 (N.D. Ill. august 29, 2002). In *Schoenrock*, the court found that the claimant's actions showed that he was not pursing his rights diligently; and that the claimant proffered no good cause reasons for his late filing (i.e. having car trouble and being busy preparing to move). *Schoenrock v. Astrue*, No. 09-cv-0565, 2010 WL 454768 (W.D. Wis. Feb. 4, 2010).

Taking into account his *pro se* status at the time of filing, the Court finds that, similar to *Purchase* and *Bolden*, Plaintiff has met his burden of showing that he pursued his rights diligently and that some extraordinary circumstance, i.e., relying upon inaccurate information from a court employee, stood in his way. Under these circumstances, the Court finds that Plaintiff's brief filing delay is entitled to equitable tolling.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. No. 15) is denied.

Dated: November 6, 2017     E N T E R:

*Mary M Rowland*
_____
MARY M. ROWLAND
United States Magistrate Judge